1   W. IRIS BARBER (DC SBN 436398)
    Senior Trial Attorney
2   CATHERN H. SMITH (DC SBN 475586)
    Trial Attorney
3   U.S. Department of Labor
    Office of the Solicitor
4   Plan Benefits Security Division
    P.O. Box 1914
5   Washington, DC  20013
    Telephone (202) 693-5600
6   Facsimile (202) 693-5610
    COUNSEL FOR THE SECRETARY
7
                    **IN THE UNITED STATES DISTRICT COURT**
8                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9   ELAINE L. CHAO, Secretary,      )
    United States Department of     )  **Civil Action No.  CIV.S-02-2722**
10  Labor,                          )  **LKK KJM**
                                    )
11          Plaintiff,              )  **SETTLEMENT AGREEMENT AND**
         v.                         )  **CONSENT ORDER AS TO DEFENDANTS**
12                                  )  **MARK AND JILL SINGLETON**
    MARK S. SINGLETON, an           )
13  individual; JILL SINGLETON, an  )  Hearing Date:   SUBMITTED ON
    individual; CAROLYN B. BENNETT, )  Hearing Time:   THE PAPERS
14  an individual; JENNIFER DOWNER, )  Location:
    an individual; WESTERN SPRAY    )
15  PAINTING, INC., a California    )  Judge: Hon. Lawrence K. Karlton
    Corporation; WESTERN SPRAY      )
16  PAINTING INC. AMENDED EMPLOYEE  )
    STOCK OWNERSHIP PLAN AND TRUST, )
17  an employee benefit plan; and   )
    any parent, predecessor,        )
18  successor, or subsidiaries of   )
    Western Spray Painting, Inc.,   )
19                                  )
            Defendants.             )
20  _____ )

21
           Plaintiff Elaine L. Chao, Secretary of the United States
22
    Department of Labor ("Secretary"), and defendants Mark and Jill
23
    Singleton (the "settling defendants") have negotiated an
24
    agreement to settle all civil claims and issues between them in
25
    this action, and each consents to the entry of this Settlement
26
    Agreement and Consent Order ("Order") by the Court as the sole
27
    and complete memorialization of the terms of such agreement.
28      **SETTLEMENT AGREEMENT AND CONSENT**
        **ORDER AS TO DEFENDANTS**
        **MARK AND JILL SINGLETON**

1       1.   This action was filed by the Secretary pursuant to her
2   authority under Title I of the Employee Retirement Income
3   Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as
4   amended.

5       2.   The Secretary's complaint alleged, among other things,
6   that the settling defendants and others failed to discharge their
7   fiduciary duties with respect to the Western Spray Painting, Inc.
8   Amended Employee Stock Ownership Plan and Trust (the "Plan")
9   solely in the interests of the Plan's participants and
10  beneficiaries, and with the care, skill, prudence, and diligence
11  required of them, and that they failed to act in accordance with
12  the documents and instruments governing the Plan, in violation of
13  section 404(a)(1)(A),(B) and (D) of ERISA, 29 U.S.C. §
14  1104(a)(1)(A),(B) and (D).

15      3.   The Secretary's complaint further alleged that the
16  settling defendants and others, as fiduciaries with respect to
17  the Plan, caused the Plan to engage in transactions that they
18  knew or should have known constituted the sale or exchange of
19  property between the Plan and parties in interest, the lending of
20  money or other extension of credit between the Plan and a party
21  in interest, and also constituted a direct or indirect transfer
22  of assets of the Plan to, and use by and for the benefit of
23  persons and entities each of whom was a party in interest with
24  respect to the Plan, in violation of section 406(a)(1)(A),(B) and
25  (D) of ERISA, 29 U.S.C. § 1106(a)(1)(A),(B) and (D) resulting in
26  losses, including lost opportunity income, for which the

27

28      SETTLEMENT AGREEMENT AND CONSENT          2
        ORDER AS TO DEFENDANTS
        MARK AND JILL SINGLETON

1  defendants are jointly liable under section 409 of ERISA, 29

2  U.S.C. § 1109.

3      4.  On February 25, 2005, this Court found that the settling

4  defendants violated their fiduciary duties under ERISA and

5  specifically held that: (i) Defendant Mark Singleton is liable

6  for losses caused to the Plan in connection with the December 20,

7  1995 stock purchase of 10,500 shares of stock from Defendant

8  Carolyn Bennett, and (ii) the settling defendants are liable for

9  losses to the Plan in connection with the 665 shares of newly

10  issued WSP stock the Plan purchased on June 6, 1997, the 697

11  shares of newly issued WSP stock it purchased on June 15, 1997,

12  and the 736 shares of newly issued stock it purchased on August

13  15, 1997.

14      5.  The settling defendants admit that the Court has

15  jurisdiction over the parties to this Order and the subject

16  matter of this action.

17      6.  The Secretary and the settling defendants expressly

18  waive Findings of Fact and Conclusions of Law as to the amount of

19  the losses resulting from the transactions for which the settling

20  defendants are liable and consent to the entry of this Order as a

21  full and complete resolution of all of the civil claims and

22  issues which were alleged in this action, without trial or

23  adjudication of any issue of fact or law raised in the complaint.

24      7.  The settling defendants acknowledge that they have been

25  informed by the Secretary that, at their own cost, they may have

26  an attorney advise them as to the effect and purpose of this

27  Order.

28  SETTLEMENT AGREEMENT AND CONSENT         3
    ORDER AS TO DEFENDANTS
    MARK AND JILL SINGLETON

1     Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

2        1.   The Court has jurisdiction over the parties to this

3 Order and the subject matter of this action and is empowered to

4 provide the relief herein.

5        2.   The settling defendants are hereby permanently

6 enjoined from:

7     (a)  Serving or acting, directly or indirectly, for

8           compensation or otherwise, as a trustee, fiduciary,

9           service provider, investment manager, agent, consultant

10           or representative with respect to any employee benefit

11           plan subject to ERISA or to any other entity subject to

12           ERISA because it holds or controls the assets of an

13           employee benefit plan;

14     (b)  Occupying any position that involves, directly or

15           indirectly, decision making authority with respect to,

16           or custody or control of, the assets or administration

17           of any employee benefit plan subject to ERISA;

18     (c)  Committing or participating in any fiduciary

19           breach of ERISA; and

20     (d)  Promoting, selling, marketing or engaging, directly or

21           indirectly, in any enterprise, including an employee

22           leasing company, that offers, provides, or administers

23           employee benefits.

24       3.   The Secretary agrees, in reliance on their August 21,

25 2005 asset affidavit and other financial information provided to

26 the Secretary by the settling defendants during the course of the

27 settlement negotiations, that the settling defendants will pay

28   **SETTLEMENT AGREEMENT AND CONSENT**     4
    **ORDER AS TO DEFENDANTS**
    **MARK AND JILL SINGLETON**

1    $100,000 (one hundred thousand dollars) to settle the Secretary's

2    claims against settling defendants as described above.  Pursuant

3    to ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations

4    thereunder, the Secretary has determined that the statutory

5    penalty is $20,000 (twenty thousand dollars).

6         4.   The Secretary agrees to accept the settling

7    defendants' payment in four installments.  The first installment

8    of $25,000 (twenty five thousand dollars) is due no later than

9    May 11, 2006.  The second installment of $25,000 (twenty five

10   thousand dollars) will be due on August 11, 2006.  The third

11   installment of $25,000 (twenty five thousand dollars) will be due

12   on November 13, 2006.  The fourth installment of $25,000 (twenty

13   five thousand dollars) will be due on February 12, 2007.

14        5.   In addition, the settling defendants agree that for

15   the next five (5) years, to the extent that their gross income

16   and other earnings as defined in paragraph 11 below exceed

17   $100,000 (one hundred thousand dollars), they will pay to the

18   Plan within 10 days of receipt of a notice from the Secretary or

19   an Independent Fiduciary appointed to represent the Plan, a sum

20   equal to 50% of their gross income in excess of $100,000.  Such

21   additional payments (excluding the initial $100,000 payment and

22   any applicable appropriate 502(l) penalty), will not exceed $1.8

23   million (one million, eight hundred thousand dollars).

24        6.   The settling defendants expressly represent, and by

25   affixing his signature to this Order, Al Singleton expressly

26   agrees to personally guarantee the settling defendants' payments

27   to the Plan of $100,000.

28
     **SETTLEMENT AGREEMENT AND CONSENT**          5
     **ORDER AS TO DEFENDANTS**
     **MARK AND JILL SINGLETON**

1      7.   By affixing his signature hereto, Al Singleton

2   expressly agrees to submit to the jurisdiction of this Court,

3   agrees not to challenge the enforceability of this Order, and

4   agrees that he is contractually bound to the provisions of

5   paragraph 6.

6      8.   At the end of this five year period, or on May 11,

7   2011, the settling defendants will also pay their ERISA § 502(l)

8   penalty.  This ERISA § 502(l) penalty will, at a minimum, include

9   a $20,000 (twenty thousand dollar) penalty assessed as of the

10  date of this Order, but will also include an additional twenty

11  (20) percent assessment on any additional payments made to the

12  Plan in accordance with this Order.

13     9.   In the event the settling defendants predecease the

14  May 11, 2011 date, settling defendants expressly agree to the

15  imposition of a first priority lien against their estates for

16  their remaining monetary liability under Section 502(l) of ERISA.

17     10.  For purposes of this Order and paragraph 5 above,

18  gross income and all other earnings shall include property of the

19  settling defendants, whether acquired through gifts, inheritance,

20  life insurance, or lottery winnings or other gambling income.

21  The Secretary agrees to exclude the two separate $1 million (one

22  million dollars) life insurance policies currently held by Mark

23  and Jill Singleton respectively.

24     11.  The settling defendants and the Secretary expressly

25  understand and agree that the Secretary's agreement to accept

26  payment as described above is based upon all of the financial

27  information made available to the Secretary during the course of

28
    **SETTLEMENT AGREEMENT AND CONSENT**        6
    **ORDER AS TO DEFENDANTS**
    **MARK AND JILL SINGLETON**

1  the negotiations and that the Secretary has agreed not to seek

2  any additional monetary relief to the extent that such financial

3  information is materially true and accurate to the best of the

4  settling defendants' knowledge at the time such information was

5  provided.

6      12.   If at any time the Secretary determines that the

7  settling defendants transferred assets for the purpose of

8  avoiding disclosure, for the purpose of avoiding making full

9  repayment to the Plan as set forth in this Order, or materially

10  misrepresented their financial status in their financial

11  statements submitted to the Secretary's counsel, the Secretary,

12  by appropriate motion, may reopen her case against the settling

13  defendants and seek restitution to the full extent of settling

14  defendants' liability to the Plan.

15      13.   The settling defendants expressly agree that at the

16  same time their personal income tax filings are made with the

17  Internal Revenue Service, they will concurrently file true and

18  accurate copies of their tax returns, any requests for

19  extensions, and a notarized statement detailing their newly

20  acquired real or personal property, whether acquired through

21  gifts, inheritance, life insurance, or lottery winnings or other

22  gambling income with:

23                    Mr. Francis C. Clisham
                      Regional Director
24                    U.S. Department of Labor
                      Employee Benefits Security
25                      Administration
                      71 Stevenson Street, Suite 915
26                    San Francisco, CA  94105
                      Phone:  415-975-4600
27

28  **SETTLEMENT AGREEMENT AND CONSENT**          7
    **ORDER AS TO DEFENDANTS**
    **MARK AND JILL SINGLETON**

1              Fax:      415-975-4589

2    The notarized statement will be made under penalty of perjury.

3    Delivery shall be made by facsimile transmission or reliable

4    overnight express courier service.

5         14.   The settling defendants expressly waive any and all

6    monetary recovery or benefit to which they may become entitled

7    from the Plan or any other WSP employee benefit plan.

8         15.   The settling defendants expressly consent to the

9    appointment of an Independent Fiduciary, selected by the

10   Department of Labor, with full discretionary authority to

11   administer the Plan, marshal all of its assets, undertake

12   distribution of the Plan's assets to appropriate participants and

13   beneficiaries, undertake the orderly termination of the Plan, and

14   any other necessary actions required by ERISA, the Plan's

15   governing documents, and the Court's Order.

16        16.   The settling defendants expressly consent to fully

17   cooperate with the Independent Fiduciary, including turning over

18   all Plan records and documents that are in their possession.

19        17.   Prior to obtaining payment for services and expenses

20   authorized pursuant to this consent judgment, the Independent

21   Fiduciary shall present to the court an itemized fee application,

22   accompanied by a description of work performed, as well as an

23   itemized statement of expenses.  The Independent Fiduciary shall

24   provide to the Secretary of Labor at the address below a copy of

25   said fee application when it is filed with the court.  Absent

26   objection from the Secretary within fifteen business days, the

27   fee application shall be deemed approved.  If the Secretary

28   **SETTLEMENT AGREEMENT AND CONSENT**          8
     **ORDER AS TO DEFENDANTS**
     **MARK AND JILL SINGLETON**

1  objects, the court will decide whether the Independent

2  Fiduciary's request should be granted.

3      18.  The settling defendants expressly waive any and all

4  claims of whatsoever nature which they, jointly and severally,

5  have or may have against the Secretary and any of her officers,

6  agents, employees, or representatives, arising out of or in

7  connection with the filing, prosecution, and maintenance of this

8  civil action or any other proceeding and investigation incident

9  thereto.

10     19.  This Order represents the final and complete judicial

11  resolution of all claims between the Secretary and the settling

12  defendants contained in this action, and the Secretary's claims

13  against the settling defendants will be dismissed with prejudice

14  once full payment is made.  This Order is binding on the United

15  States Department of Labor only and not on any other agency of

16  the United States.

17     20.  Each party to this Order shall bear his or her own

18  costs, expenses, and attorney fees incurred in connection with

19  this action and all matters relating thereto.

20     21.  The settling defendants agree to be bound by the terms

21  of this Order.

22     22.  The Court shall retain jurisdiction over the parties

23  hereto as may be necessary to enforce the provisions of this

24  Order.

25  ////

26  ////

27  ////

28
   **SETTLEMENT AGREEMENT AND CONSENT**                    9
   **ORDER AS TO DEFENDANTS**
   **MARK AND JILL SINGLETON**

1      23.  The Court, finding that there is no just reason to

2  delay the entry of the Order, expressly directs the entry hereof

3  as a final Order, pursuant to Rule 54(b) of the Federal Rules of

4  Civil Procedure.

5

6  DATED:  May 24, 2006.

7

8                        LAWRENCE K. KARLTON
                         SENIOR JUDGE
9                        UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  SETTLEMENT AGREEMENT AND CONSENT        10
    ORDER AS TO DEFENDANTS
    MARK AND JILL SINGLETON

1   The Secretary, by her authorized counsel, and the settling defendants,

2   together with her counsel, consent to the entry of the foregoing Order.

3   FOR PLAINTIFF SECRETARY OF LABOR:

4   HOWARD M. RADZELY
    Solicitor of Labor
5

6   TIMOTHY D. HAUSER
    Associate Solicitor
7

8   LESLIE C. PERLMAN
    Counsel for Fiduciary Litigation

9

10  /signature on original              DATE_____

11  W. IRIS BARBER
    Senior Trial Attorney
12  CATHERN H. SMITH
    Trial Attorney
13  U.S. Department of Labor
    Office of the Solicitor
14  Plan Benefits Security Division
    P.O. Box 1914
15  Washington, DC  20013
    COUNSEL FOR THE SECRETARY
16

17  THE SETTLING DEFENDANTS:

18

19  /signature on original             _____

20  MARK SINGLETON                      DATE

21

22  /signature on original             _____

23  JILL SINGLETON                      DATE

24  THE PERSONAL GUARANTOR:

25

26
    /signature on original             _____
27  AL SINGLETON                        DATE

28  **SETTLEMENT AGREEMENT AND CONSENT**          11
    **ORDER AS TO DEFENDANTS**
    **MARK AND JILL SINGLETON**