W. IRIS BARBER (DC SBN 436398)
Senior Trial Attorney
CATHERN H. SMITH (DC SBN 475586)
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC 20013
Telephone (202) 693-5600
Facsimile (202) 693-5610
COUNSEL FOR THE SECRETARY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ELAINE L. CHAO, Secretary, United States Department of Labor,

Plaintiff,

v.

MARK S. SINGLETON, an individual; JILL SINGLETON, an individual; CAROLYN B. BENNETT, an individual; JENNIFER DOWNER, an individual; WESTERN SPRAY PAINTING, INC., a California Corporation; WESTERN SPRAY PAINTING INC. AMENDED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, an employee benefit plan; and any parent, predecessor, successor, or subsidiaries of Western Spray Painting, Inc.,

Defendants.

**Civil Action No. CIV.S-02-2722 LKK KJM**

**SETTLEMENT AGREEMENT AND CONSENT ORDER AS TO DEFENDANT CAROLYN B. BENNETT ONLY**

Hearing Date: **SUBMITTED ON**
Hearing Time: **THE PAPERS**
Location:

Judge: Hon. Lawrence K. Karlton

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor ("Secretary"), and defendant Carolyn B. Bennett (the "settling defendant") have negotiated an agreement to settle all civil claims and issues between them in this action, and each consents to the entry of this Settlement

Agreement and Consent Order ("Order") by the Court as the sole and complete memorialization of the terms of such agreement.

1. This action was filed by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended.

2. The Secretary's complaint alleged, among other things, that the settling defendant and others failed to discharge their fiduciary duties with respect to the Western Spray Painting, Inc. ("WSP") Amended Employee Stock Ownership Plan and Trust (the "Plan") solely in the interests of the Plan's participants, and with the care, skill, prudence, and diligence required of them, and that they failed to act in accordance with the documents and instruments governing the Plan, in violation of sections 404(a)(1)(A),(B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(A),(B) and (D).

3. The Secretary's complaint further alleged that the settling defendant and others, as fiduciaries with respect to the Plan, engaged in a transaction which consisted of causing the Plan to purchase 10,500 shares of WSP stock from the settling defendant and her late husband, Lonnie Bennett, on December 20, 1996, when they knew or should have known that that transaction constituted the sale or exchange of property between the Plan and parties in interest, the lending of money or other extension of credit between the Plan and a party in interest, and also constituted a direct or indirect transfer of assets of the Plan to, and use by and for the benefit of persons and entities each

of whom was a party in interest with respect to the Plan, in violation of sections 406(a)(1)(A),(B) and (D) of ERISA, 29 U.S.C. § 1106(a)(1)(A),(B) and (D), resulting in losses, including lost opportunity income, for which the Secretary claims that the defendants are jointly liable under section 409 of ERISA, 29 U.S.C. § 1109.

4. The settling defendant admits that the Court has jurisdiction over the parties to this Order and the subject matter of this action.

5. The Secretary and the settling defendant expressly waive Findings of Fact and Conclusions of Law as to the extent of alleged losses resulting from the transactions for which the Secretary claims that the settling defendant is liable. Without admitting or denying any liability, the settling defendant voluntarily enters into this Order in order to resolve disputed matters, to avoid the expense and burden of further litigation, and to put to rest fully and finally all claims that the Secretary has asserted, or could have asserted, against the settling defendant, arising out of the facts alleged in the complaint. The Secretary and the settling defendant consent to the entry of this Order as a full and complete resolution of all of the civil claims and issues which were alleged in this action, or which the Secretary could have asserted in this action, without trial or final adjudication of any issue of fact or law raised in the complaint.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the parties to this

Order and the subject matter of this action and is empowered to provide the relief herein.

2. The settling defendant is hereby permanently enjoined from:

(a) Serving or acting, directly or indirectly, for compensation or otherwise, as a trustee, fiduciary, service provider, investment manager, agent, consultant or representative with respect to any employee benefit plan subject to ERISA or to any other entity subject to ERISA because it holds or controls the assets of an employee benefit plan;

(b) Occupying any position that involves, directly or indirectly, decision making authority with respect to, or custody or control of, the assets or administration of any employee benefit plan subject to ERISA;

(c) Committing or participating in any violation of ERISA; and

(d) Promoting, selling, marketing or engaging, directly or indirectly, in any enterprise, including an employee leasing company that offers, provides, or administers employee benefits.

3. The Secretary agrees, in reliance on the financial information provided to the Secretary by the settling defendant during the course of the settlement negotiations and in reliance on the notarized asset affidavit that the Secretary received from the settling defendant on May 11, 2006, that the settling defendant will pay $1,083,333 (one million, eighty three

thousand, three hundred thirty three dollars) to fully settle the Secretary's claims against settling defendant as described above, upon which will be assessed the statutory penalty set forth in ERISA § 502(l), 29 U.S.C. § 1132(l). Pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations thereunder, the Secretary has determined that the statutory penalty is $216,667 (two hundred sixteen thousand, six hundred sixty-seven dollars).

4. The Secretary agrees to accept the settling defendant's payment in two installments. The first installment in the amount of $541,666.50 is due on July 11, 2006, to be tendered by the settling defendant payable to "Western Spray Painting, Inc. Employee Stock Ownership Plan," at the address for the Secretary provided for in the Notice section herein, or as otherwise shall be directed by counsel for the Secretary by July 1, 2006. The second installment, for the remaining liability, is due on July 11, 2011, to be tendered pursuant to instructions to be provided in writing to the settling defendant by the Secretary or the Independent Fiduciary to be appointed as set forth in paragraph 8. In the event that the settling defendant predeceases the July 11, 2011 date, without having made any further payment on her remaining monetary liability, the settling defendant expressly agrees to the imposition of a first priority lien against her estate for the balance of her remaining monetary liability. No other lien shall be imposed by the Secretary on the settling defendant's assets without her prior written consent.

5. The settling defendant and the Secretary expressly

understand and agree that the Secretary's agreement to accept payment as described above is based upon the financial information made available to the Secretary during the course of settlement negotiations and the notarized asset affidavit received by the Secretary's counsel on May 11, 2006, and that the Secretary has agreed not to seek any additional monetary relief to the extent that such financial information is materially true and accurate to the best of the settling defendant's knowledge at the time such information was provided.

6. If at any time the Secretary determines that the settling defendant transferred assets for the purpose of avoiding disclosure, for the purpose of avoiding making full payment as agreed under this Order, or materially misrepresented her financial status in her notarized asset affidavit submitted to the Secretary's counsel, the Secretary, by appropriate noticed motion served on the settling defendant and her counsel, may seek to reopen the case against the settling defendant prior to entry of a dismissal with prejudice in order to seek restitution to the full extent of the Secretary's claim of the settling defendant's liability to the Plan.

7. The settling defendant expressly waives any and all monetary recovery or benefit to which she may become entitled from the Plan or any other WSP employee benefit plan or account.

8. The settling defendant expressly consents to the appointment of an Independent Fiduciary, selected by the Department of Labor, with full discretionary authority to administer the Plan, marshal all of its assets, undertake

distribution of the Plan's assets to appropriate participants and beneficiaries, undertake the orderly termination of the Plan and any other necessary actions required by ERISA, the Plan's governing documents, and the Court's Order.

9. Prior to obtaining payment for services and expenses authorized pursuant to this Order, the Independent Fiduciary shall present to the Court an itemized fee application, accompanied by a description of work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the Secretary of Labor at the address in the Notice section herein a copy of said fee application when it is filed with the Court. Absent objection by the Secretary within fifteen (15) business days, the fee application shall be deemed approved. If the Secretary objects, the Court will decide whether the request of the Independent Fiduciary should be granted.

10. The settling defendant expressly consents to cooperate with the Independent Fiduciary with respect to her obligations under this Order.

11. The settling defendant expressly waives any and all claims of whatsoever nature which she has or may have against the Secretary and any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

12. This Order represents the final and complete judicial resolution of all claims between the Secretary and the settling defendant contained in this action, and within ten (10)

court days of receipt of full payment required under this Order, the Secretary's claims against the settling defendant shall be fully released and dismissed with prejudice by the Secretary's filing with this Court a dismissal with prejudice as to the settling defendant. This Order is binding upon the United States Department of Labor only and not upon any other agency of the United States.

13. Provisions of this Order requiring notice shall be satisfied by delivery, in writing, via facsimile transmission or reliable overnight express courier service, as set forth in this paragraph. The parties to this Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy hereof on the other party to this Order and to the Independent Fiduciary, by delivery to the address to which notice would be sent.

To the Secretary:

Mr. Francis C. Clisham
Regional Director
U. S. Department of Labor
Employee Benefits Security Administration
71 Stevenson Street, Suite 915
San Francisco, CA 94105
Phone: (415) 975-4600
Fax: (415) 975-4589

To the settling defendant:

Ms. Carolyn B. Bennett
2023 Edgewater Court
Stockton, CA 95204
Phone: (209) 948-6566
Fax: (209) 948-4434

With a copy to:

Gilda R. Turitz, Esq.
Sideman & Bancroft LLP
One Embarcadero Center, 8th Floor
San Francisco, CA 94111
Phone: (415) 392-1960
Fax: (415) 392-0827

14. Each party to this Order shall bear his or her own costs, expenses, and attorneys' fees incurred in connection with this action and all matters relating thereto.

15. By entering into this Order, the settling defendant represents that she has been informed by counsel of the effect and purpose of this Order and agrees to be bound by its terms.

16. The Court shall retain such jurisdiction over the parties hereto as may be necessary to enforce the executory provisions of this Order.

17. The Court, finding that there is no just reason to delay the entry of the Order, expressly directs the entry hereof as a final Order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: May 26, 2006

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

The Secretary, by her authorized counsel, and the settling defendant together with her counsel, consent to the entry of the foregoing Order.

FOR PLAINTIFF SECRETARY OF LABOR:

HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor

LESLIE C. PERLMAN
Counsel for Fiduciary Litigation

/signature on original DATE______________________________

W. IRIS BARBER
Senior Trial Attorney
CATHERN H. SMITH
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC 20013
COUNSEL FOR THE SECRETARY

THE SETTLING DEFENDANT:

/signature on original DATE______________________________

CAROLYN B. BENNETT

APPROVED AS TO FORM:

/signature on original DATE____________________________

GILDA R. TURITZ, ESQ.
Counsel for Carolyn B. Bennett